**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.*, <br><br>        *Plaintiffs*, <br><br>    v. <br><br> DOROTHY FINK, *et al.*, <br><br>        *Defendants*. | Case No. 24-CV-3220 (DLF) |
| BRISTOL MYERS SQUIBB COMPANY, <br><br>        *Plaintiff*, <br><br>    v. <br><br> DOROTHY FINK, *et al.,* <br><br>        *Defendants*. | Case No. 24-CV-3337 (DLF) |
| SANOFI-AVENTIS U.S. LLC, <br><br>        *Plaintiff*, <br><br>    v. <br><br> UNITED STATES DEPARATMENT OF HEALTH AND HUMAN SERVICES, *et al.*, <br><br>        *Defendants*. | Case No. 24-CV-3496 (DLF) |
| NOVARTIS PHARMACEUTICALS CORPORATION, <br><br>        *Plaintiff*, <br><br>    v. <br><br> DOROTHY FINK, *et al.*, <br><br>        *Defendants*. | Case No. 25-CV-0117 (DLF) |

## MANUFACTURER-PLAINTIFFS' JOINT POSITION STATEMENT ON CONSOLIDATION

On February 6, 2025, the Court requested that the parties to civil actions *Eli Lilly v. Fink*, No. 23-cv-3220; *Bristol Myers Squibb Co. v. Fink*, No. 24-cv-3337; *Sanofi-Aventis U.S. LLC v. U.S. Department of Health and Human Services*, No. 24-cv-3496; and *Novartis Pharmaceuticals Corp. v. Fink*, No. 25-cv-117, notify the Court of their respective positions on consolidation under Federal Rule of Civil Procedure 42.[1]

The four Manufacturer-Plaintiffs—Eli Lilly and Company and Lilly USA, LLC (referred to collectively as plaintiff "Lilly"), Bristol Myers Squibb ("BMS"), Sanofi-Aventis U.S. LLC ("Sanofi"), and Novartis Pharmaceuticals Corp. ("Novartis")—submit the following proposal, which aims to keep these cases on their heavily negotiated agreed schedules, eliminate duplicative briefing, and allow for a fulsome presentation of the merits that will be most helpful to the Court:

1. Manufacturer-Plaintiffs in these four actions propose to file a single memorandum in opposition to all pending motions to intervene.

2. Three Manufacturer-Plaintiffs (Lilly, BMS, and Novartis) propose consolidated briefing on dispositive cross-motions (including any request for dismissal) in their three cases going forward. Opening briefs on those Manufacturer-Plaintiffs' summary judgment motions have been filed, and those actions are proceeding on the same agreed briefing schedule. Under this proposal, the parties in these three actions would follow the same briefing schedule already negotiated between the parties and entered by this Court: the government would file a single consolidated opposition and cross-motion (including any motion to dismiss) by March 3, 2025; Lilly, BMS, and Novartis would

---

[1] This order was not formally entered on the docket in the *Sanofi* case, but the Court's order in the other cases included the *Sanofi* docket number.

2

file a single combined reply and response by March 17, 2025; and the government in turn would file a single reply brief by March 31, 2025. Manufacturer-Plaintiffs anticipate some additional pages beyond the default page limits will be required to effectuate this consolidation, and they will confer with the government in advance of the briefing deadline to seek an agreement on the page limit.

3. Because the government negotiated a different briefing schedule in the *Sanofi* case, and because Sanofi has yet to file its opening brief on its motion for summary judgment, Manufacturer-Plaintiffs all respectfully ask the Court to allow briefing on the dispositive cross-motions in the *Sanofi* case to proceed separately on the previously negotiated and entered schedule.

4. To the extent the Court is inclined to hold a hearing on the dispositive cross-motions, the four Manufacturer-Plaintiffs (Lilly, BMS, Sanofi, and Novartis) propose a joint hearing on those motions following all briefing, which is scheduled to be completed in all four cases by March 31, 2025.

5. Manufacturer-Plaintiffs respectfully reiterate the request for expedited consideration and decision by May 1 given the need for sufficient experience with the rebate model to determine whether it is a viable mechanism for complying with obligations under the Inflation Reduction Act. *See* Mot. for Expedited Determination at 1-2, *Bristol Myers Squibb Co.*, No. 24-cv-3337, Dkt. 12 (without an expedited determination, BMS faces "irreparable harm" because the government's prohibition on a rebate-based approach means that BMS must either "proceed with its statutorily authorized cash replenishment model—and risk expulsion from the largest government healthcare programs and civil monetary penalties—or … continue the current approach—and suffer

millions more in non-recoverable losses from duplicate discounting."). Manufacturer-Plaintiffs oppose any attempt by the government to use consolidation to revisit the negotiated schedules in these cases, which were entered by this Court. The government agreed to the existing schedule in each case knowing that multiple related actions were pending before this Court, and it specifically agreed to a relatively expeditious briefing schedule so that certain Manufacturer-Plaintiffs would not seek a preliminary injunction. With one exception, these cases are already on the same schedule, and that exception (for *Sanofi*) is due to the government's insistence in that case that it would not file an administrative record until its answer date had lapsed.[2] Likewise, each of the putative intervenors have agreed to comply with the current scheduling order in each case. Intervenor Br. at 15, *Eli Lilly & Co.*, No. 24-cv-3220, Dkt. 18-1; Intervenor Br. at 15, *Bristol Myers Squibb*, No. 24-cv-3337, Dkt. 20-1; Intervenor Br. at 15, *Sanofi*, No. 24-cv-3496, Dkt. 23-1; Intervenor Br. at 14-15, *Novartis*, No. 25-cv-117, Dkt. 15-1. The government should not now be allowed to retrade on its multiple agreements and alter the scheduling orders that every other party is currently abiding by under the guise of an order that merely sought the parties' positions on consolidation.

6. The government also requests consolidation with *Kalderos v. United States,* No. 21-cv-2608, and *Johnson & Johnson v. Fink*, No. 24-cv-3188. Manufacturer-Plaintiffs do not oppose consolidation of the remaining briefing on the dispositive cross-motions in *Kalderos v. United States,* No. 21-cv-2608, with the remaining briefing on the dispositive cross-motions in *Eli Lilly & Co.*, *Bristol Myers Squibb*, and *Novartis* discussed

---

[2] Significantly, the government did not appear to need that extra time because it then proceeded to serve the same administrative record in all of the related actions and to file the index for that record on the same day in all four actions—when it was due for the earlier filed actions.

4

above.  Each of those actions—*Eli Lilly & Co.*, *Bristol Myers Squibb*, *Novartis*, and *Kalderos*—are currently subject to the same briefing schedule.

7. As to *Johnson & Johnson v. Fink*, No. 24-cv-3188, that case was not a subject of the Court's order as it is not pending before this Court and is related to other cases involving covered-entity audits initiated by Johnson & Johnson, all of which are pending before another judge of this Court.

Dated: February 11, 2025                         Respectfully submitted,

                                                 */s/ John O'Quinn*
                                                 John C. O'Quinn
                                                 Matthew S. Owen
                                                 Megan McGlynn
                                                 KIRKLAND & ELLIS LLP
                                                 1301 Pennsylvania Avenue N.W.
                                                 Washington, D.C. 20004
                                                 (202) 389-5000
                                                 john.oquinn@kirkland.com
                                                 matt.owen@kirkland.com
                                                 megan.mcglynn@kirkland.com

                                                 Catherine E. Stetson (D.C. Bar No. 453221)
                                                 Jacob T. Young (D.C. Bar No. 90014334)
                                                 HOGAN LOVELLS US LLP
                                                 555 Thirteenth Street N.W.
                                                 Washington, D.C. 20004
                                                 (202) 637-5600
                                                 cate.stetson@hoganlovells.com
                                                 jake.young@hoganlovells.com

                                                 *Attorneys for Plaintiffs Eli Lilly and Company and Lilly USA, LLC*

                                                 */s/ Sean Marotta*
                                                 Sean Marotta (D.C. Bar No. 1006494)
                                                 Marlan Golden (D.C. Bar No. 1673073)
                                                 HOGAN LOVELLS US LLP
                                                 555 Thirteenth Street, N.W.
                                                 Washington, D.C. 20004
                                                 Telephone: (202) 637-4881
                                                 Facsimile: (202) 637-5910
                                                 sean.marotta@hoganlovells.com

                                                 *Attorneys for Plaintiff Bristol Myers Squibb Company*

                                                 */s/ Toni-Ann Citera*
                                                 Toni-Ann Citera (admitted pro hac vice)
                                                 Rajeev Muttreja (admitted pro hac vice)
                                                 JONES DAY
                                                 250 Vesey Street
                                                 New York, New York 10281
                                                 Telephone: (212) 326-3939

6

Facsimile: (212) 755-7306
tcitera@jonesday.com
rmuttreja@jonesday.com

Noel Francisco (D.C. Bar No. 464752)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
njfrancisco@jonesday.com

*Attorneys for Plaintiff Sanofi-Aventis U.S. LLC*

*/s/ Sean Marotta*
Sean Marotta (D.C. Bar No. 1006494)
Jacob T. Young (D.C. Bar No. 90014334)
HOGAN LOVELLS US LLP
555 Thirteenth Street, N.W.
Washington, D.C. 20004
(202) 637-4881
sean.marotta@hoganlovells.com

*Attorneys for Plaintiff Novartis Pharmaceuticals Corporation*