UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELI LILLY AND COMPANY, *et al.*,  *Plaintiffs.*  v.  ROBERT F. KENNEDY JR., *et al.,*  *Defendants.* | No. 24-cv-3220 (DLF) |
| SANOFI-AVENTIS U.S. LLC,  *Plaintiff.*  v.  ROBERT F. KENNEDY JR., *et al.,*  *Defendants.* | No. 24-cv-3496 (DLF) |
| BRISTOL MYERS SQUIBB COMPANY,  *Plaintiff.*  v.  ROBERT F. KENNEDY JR., *et al.,*  *Defendants.* | No. 24-cv-3337 (DLF) |
| NOVARTIS PHARMACEUTICALS CORPORATION,  *Plaintiff.*  v.  ROBERT F. KENNEDY JR., *et al.,*  *Defendants.* | No. 25-cv-0117 (DLF) |

**ORDER**

Multiple pharmaceutical companies filed suits against the Department of Health and Human Services (HHS) challenging HHS's policy regarding the 340B drug program. Before the

Court is 340B Health, UMass Memorial Medical Center, and Genesis HealthCare System's Motion to Intervene, No. 24-cv-3220, Dkt. 18; No 24-cv-3496, Dkt. 23; No. 24-cv-3337, Dkt. 20; No. 25-cv-0117, Dkt. 15.[1]

The 340B Program requires that pharmaceutical manufacturers who participate in Medicaid and Medicare Part B sell outpatient drugs at discounted prices to certain healthcare providers serving low-income patients. 42 U.S.C. § 256b. Plaintiffs in this case are pharmaceutical manufacturers who want to pursue a drug-rebate model for the 340B program, which the defendant HHS has rejected. Under that model, 340B hospitals would purchase drugs at full price and be reimbursed after the fact. Intervenors are 340B Health, an advocacy organization that advocates for 340B hospitals, and two hospitals that are eligible for 340B drugs, UMass Memorial Medical Center (UMass), and Genesis HealthCare System (Genesis). Mot. to Int. at 1, Dkt. 18.

Rule 24 of the Federal Rules of Civil Procedure "outlines two different avenues by which a court can allow an outsider to intervene—intervention of right, and permissive intervention." *EEOC v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1044 (D.C. Cir. 1998). Rule 24(a) provides for intervention of right when a movant can demonstrate four requirements: "1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015) (citing Fed. R. Civ. P. 24(a)). Independently, it is circuit law that "to intervene under Rule 24(a), the movant must demonstrate that it has standing under Article III of

---

[1] The intervenors filed a motion to intervene in four separate cases. The parties in those cases agreed to consolidated briefing, and this order will address all four motions. For convenience, the Court will only cite to docket numbers from the earliest filed case, *Eli Lilly and Company v. Kennedy*, 24-cv-3220 in this order.

2

the U.S. Constitution." *Yocha Dehe v. United States Department of the Interior*, 3 F.4th 427, 430 (D.C. Cir. 2021). *But see Farmer v. EPA*, -- F. Supp. 3d --, 2024 WL 5118193, at *2 n.2 (D.D.C. Dec. 16, 2024) (citing cases in which courts have held otherwise based on *Little Sisters of the Poor Saints Peter & Paul Home v. Pennsylvania*, 591 U.S. 657, 674 n. 6 (2020).).

A.   Standing

340B Health asserts associational standing on behalf of its members. An organization has standing to bring suit on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977). An organization's members have standing to sue in their own right when they can demonstrate that they would suffer an "injury in fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (internal quotation marks omitted). They must also establish that there is "a causal connection between the injury and the conduct complained of" and that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.*

Genesis and UMass, and by extension 340B Health's member organizations, have standing to sue in their own right. Should the plaintiffs implement their 340B drug plan, member hospitals would incur additional upfront costs to pay the full sticker prices for the 340B drugs. Mot. to Int. at 13. This would render UMass "unable to continue funding some or all of its community programs." *Id.*; Desai Decl. ¶ 21, Dkt. 18-4. Genesis would be forced to cut some of its assistance programs in order to afford the additional upfront cost. *Id.* ¶¶ 18–19. Even if manufacturers would reimburse 340B hospitals on the back end, *see* Opp'n at 3–4, Dkt. 27, Genesis and UMass would

3

still have to divert resources from other programs to pay the initial upfront costs. Mot. to Int. at 13; Reply at 1, Dkt. 30. This is a sufficiently concrete and particularized burden.

Because the successful disposition of the plaintiffs' suit would necessarily result in the implementation of the rebate model with associated economic harms to 340B Health's members—including Genesis and UMass—340B Health has sufficiently alleged an injury in fact fairly traceable to the plaintiffs' requested relief and redressable by a judicial decision denying such relief. *See Cnty. Of San Miguel, Colo. v. MacDonald*, 244 F.R.D. 36, 44–45 (D.D.C. 2007). Thus, 340B Health's members would—and do—have Article III standing to intervene in their own right.

The other two requirements of associational standing are easily met here. 340B Health is "an association with 1,600 member hospitals that are eligible to receive benefits under the 340B program," Mot. to Int. at 1, whose mission it is "to support 340B hospitals in their mission to serve low income, underserved, and rural patients," *id*. at 11. Protecting the interests of 340B Health's members by maximizing their ability to purchase 340B drugs from pharmaceutical companies is clearly germane to its organizational purpose. And because this litigation concerns pharmaceutical companies' ability to pursue a particular drug discount model, and not any individualized grievances, participation by 340B Health's members is unnecessary. *See Int'l Dark-Sky Assoc. v. FCC*, 106 F.4th 1206, 1218 (D.C. Cir. 2024). Accordingly, 340B Health has demonstrated that it has associational standing to intervene in this action, and plaintiffs Genesis and UMass have individual standing.

**B.     Intervention of Right**

Turning to the Rule 24(a) requirements, the Court concludes that they are met here. Even though the motion to intervene was filed after the summary judgment briefing schedule had been set, the motion was filed before this Court issued any merits decision. *Waterkeeper All., Inc. v.*

*Wheeler*, 330 F.R.D. 1, 6 (D.D.C. 2018) (finding a motion to intervene to be timely when it was filed in advance of the court issuing any merits decisions). Thus, the Court does not find that permitting 340 B Health to intervene would unduly disrupt this litigation. *See Roane v. Leonhart*, 741 F.3d 147, 151 (D.C. Cir 2014) ("[T]he requirement of timeliness is aimed primarily at preventing potential intervenors from unduly disrupting litigation, to the unfair detriment of the existing parties."). Further, because NACWA possesses Article III standing, it necessarily has a legally protected interest in this litigation. *See Crossroads*, 788 F.3d at 320 (citing *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003)). For similar reasons, the intervenors have demonstrated that the disposition of this action may impair their ability to protect their interests. A ruling allowing plaintiffs to implement a drug rebate model would change the status quo by imposing new economic hardships on the intervenors. Even if the intervenors could challenge the rebate model through separate litigation, "there is no question that the task of reestablishing the status quo if the [plaintiffs] succeed[] in this case [would] be difficult and burdensome." *Fund for Animals*, 322 F.3d at 735.

Finally, the Court concludes that HHS may not adequately represent the intervenors' interests in this litigation. To satisfy the adequacy-of-representation requirement, a movant need only show "that representation of his interest may be inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (internal quotation marks omitted). "[G]overnment entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals*, 322 F.3d at 736; *see also Farmer*, 2024 WL 5118193, at *4. The plaintiffs' contention that this Court "cannot consider" the intervenors' argument is mistaken. Opp'n at 12. The intervenors may raise both overlapping and distinct arguments, as long as they do not assert entirely new claims. *See Me-Wuk Indian Cmty. of the*

5

*Wilton Rancheria v. Kempthorne*, 246 F.R.D. 315, 321 (D.D.C. 2007) ("Although [proposed intervenors] may employ different theories and set forth different arguments than plaintiff, the central interest at issue remains constant.").

Accordingly, this Court concludes that 340B Health, UMass, and Genesis are entitled to intervene in this suit as of right under Rule 24(a). *See* Fed. R. Civ. P. 24(a). It will therefore grant the motion to intervene. Accordingly, it is

**ORDERED** that the Motion to Intervene, Dkt. No. 24-cv-3220, Dkt. 18; No 24-cv-3496, Dkt. 23; No. 24-cv-3337, Dkt. 20; No. 25-cv-0117, Dkt. 15, is GRANTED. It is further

**ORDERED** that the intervenors shall file their consolidated brief on or before March 18, 2025; a joint response by the plaintiffs and any response by HHS shall be filed on or before April 1, 2025; finally, any reply shall be filed on or before April 8, 2025. Should the parties prefer more extended briefing schedule, they shall confer and on or before March 10, 2025, propose an alternate briefing schedule (and, if necessary, hearing date) for the Court's consideration.

_____
DABNEY L. FRIEDRICH
March 4, 2025                                                                United States District Judge